**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD TURCHETTA,**

Plaintiff

CA 05 022 ML

v. C.A. NO. ____________

**BRINK'S, INCORPORATED,**

Defendant

## COMPLAINT

INTRODUCTORY STATEMENT

This action is commenced by **RICHARD TURCHETTA** (hereinafter "Plaintiff" or "Turchetta") against **BRINK'S, INCORPORATED** (hereinafter "Defendant" or "Employer" or "Brink's") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, based on disability, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal state and common law claims.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec. 107(a) of the Americans With Disabilities Act of 1990

(ADA), 42 U.S.C. Sec.12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC Sections 2000e-5(f)(1) and (3).

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b).

4. On April 20, 2004, Turchetta filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been discriminated against on the basis of his disability, and had been the victim of retaliation—RICHR 04EPD296-06/02; EEOC #: 16JA4000183 (EXHIBIT A).

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right To Sue authorization from pertinent state and federal agencies.

## THE PARTIES

6. The Plaintiff, Richard Turchetta ("Turchetta" or "Plaintiff"), an individual, is a resident and domiciliary of the City of Cranston, Rhode Island.

7. On information and belief, the Defendant, Brink's, Incorporated ("Brink's" or "Defendant"), is a foreign corporation authorized by appropriate state authority to conduct business in the State of Rhode Island, and maintaining an office and principle places of business at 163 Mill Street, Cranston, RI 02910.

8. Defendant is engaged in the business of transporting, protecting and storing coin, currency, negotiable instruments and other valuables of its customers, primarily through the utilization of armored vehicles.

9. At all times material to the allegations of this Complaint, the Defendant have continuously, and do now, employ at least 500 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec. 101(5) of the ADA, 42 U.S.C. Sec.12111(5), and Sec.107(a) of the ADA, 42 U.S.C. Sec.12117(a), which incorporates by reference Sections701(g) and (h) of Title

VII; and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec.2000e et seq.

11. At all times material to the allegations of this Complaint, the Defendant was and is an "employer" or otherwise a covered entity within the meaning of pertinent provisions of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec.1211(2); and as applicable to pertinent provisions of Title VII.

12. At all times material to the allegations of this Complaint, Turchetta held the status of an "individual" within the meaning of pertinent provisions defining that term and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

13. At all times pertinent to the allegations of this Complaint, Turchetta held the status of a person with a disability, as defined in Section 3(2) of the ADA, 42 U.S.C. 12102, and also pursuant to Rhode Island law, because he:

a. has a physical or emotional impairment that substantially limits one or more of his major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendant as having such an impairment.

14. On information and belief, and at all times material to the allegations of this

Complaint, managers and supervisors of the Defendant engaging in discriminatory and unlawful workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as an agent of the Defendant, and the Defendant knew or reasonably should have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

15. Plaintiff was employed by Defendant for approximately 9 ½ years, on a part-time basis, from approximately August 1994 through November 2003. During this same period, Plaintiff was employed full-time as an Administrator with the RI Department of Health.

16. During or about July 2003, Plaintiff informed the Defendant of his interest in Full-Time employment, contemplating his retirement from state service. During or about August 2003, Plaintiff submitted a copy of his resume to the Defendant's Northeast Regional Manager, with whom he discussed the possibility of full-time employment.

17. The North-East Regional Manager indicated that, because of Plaintiff's educational experience he would be eligible for a number of different positions, including Route Supervisor, ATM Supervisor, or Operations Manager. Plaintiff chose the position of Operations Manager, and was told by Defendants Regional Manager that, "the job was his," and it would take a few weeks to pull everything together. At this point, it was late August 2003.

18. While waiting for the Regional Manager to contact him, Plaintiff retired from State Service. However he continued to work part-time for the Defendant.

19. It was during this period that Plaintiff was diagnosed with prostate cancer and required surgery. Plaintiff intended to wait to have prostate surgery until January 2004, anticipating that he could work full-time for the Defendant, have surgery and return to work.

20. In October 2003, a new Assistant Manager was named to run the Providence Branch of Brink's, and this individual was in charge of making all hiring and firing decisions.

21. In October 2003, Plaintiff met with the new Assistant Manager and reiterated his desire to work Full-Time for the Defendant. Plaintiff also told the new Assistant Manager about his prostate cancer, his decision relative to the timing of surgery and his desire to work Full-Time, but not in the capacity of a messenger or truck driver.

22. The Assistant Manager informed the Plaintiff that he had no supervisory positions currently available but lead Plaintiff to believe that he could retain his position in the vault on a Full-Time basis.

23. Plaintiff proceeded to schedule his surgery for November 12, 2003 and told the Assistant Manager he would resume his work duties in approximately three weeks.

24. Plaintiff worked for the Defendant up to his scheduled surgery.

25. Approximately three weeks after his surgery, Plaintiff called the Assistant Manager to inform him that he was ready and able to resume his work duties.

26. The Assistant Manager informed the Plaintiff not to return to work, and that his job had been given to a co-worker because Plaintiff was physically incapable of performing the work due to a shoulder injury and a back injury.

27. Plaintiff suffers from a disability in that he has prostate cancer and a shoulder and back impairment. These disabilities substantially limit one or more of his major life activities including his ability to walk, exercise, run, bend, and lift.

28. At all times, except when Plaintiff was on an approved leave of absence to have surgery for his prostate cancer, Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation. Plaintiff avers that the Defendant discriminated against him because of his disability/disabilities and/or because it perceived him as having a disability/disabilities.

29. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on disability status.

30. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his disability status.

31. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## REFUSAL TO ACCOMMODATE
## TERMINATION
## R.I.G.L. SECTION 42-112-1

32. The allegations contained in Paragraphs 1-31 above are incorporated herein by reference in their entirety.

33. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status;

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

34. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status or because they perceived Plaintiff to have a disability. Such practices include, but are not limited to, Defendant's:

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of his disability status;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability status;

c.) refusing to reinstate Plaintiff because of his disability status; and

d.) terminating Plaintiff.

35. But for the Defendant's intent to discriminate against Plaintiff because of his disability status, Defendant would not have denied Plaintiff the available placements, or subjected him to discriminatory terms and conditions of employment, retaliated against him, or terminated him.

36. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability status. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**AND RETALIATION BASED ON DISABILITY**
**TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

37. Paragraphs 1-31 above are herein incorporated by reference in their entirety.

38. Defendant willfully engaged in a policy or practice of discriminating against the Plaintiff because of his disability or because they considered him to have a disability, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

39. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

40. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status. Such practices include, but are not limited to, Defendant's:

a.) failing to reinstate Plaintiff because of his disability status;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability status;

c.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

d.) terminating the Plaintiff.

41. But for the Defendant's intent to discriminate against Plaintiff because of his disability status, Defendant would not have failed to place Plaintiff or subjected him to discriminatory terms and conditions of employment, or terminated him.

42. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Termination**
**Failure to Accommodate**

43. Paragraphs 1-31 are herein incorporated by reference in their entirety.

44. At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and/or the Defendant considered him to have a disability.

44. Despite his disability or impairment, Plaintiff was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

45. The Defendant has engaged in unlawful employment practices in violation of the ADA, §§102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

46. But for the Defendant's intent to discriminate against Plaintiff because of his status as a qualified person with a disability, Defendant would not have engaged in the conduct alleged in this complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV

## RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT

47. Paragraphs 1-31, above, are incorporated herein, by reference, in their entirety.

48. Defendant has discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of his employment, because he complained to the Defendant regarding what he reasonably believed to have been Defendant's unlawful conduct, indicated an intention to seek remedial assistance.

49. Defendant's conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

50. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability status;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, backpay, frontpay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Richard Turchetta,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

FILED

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA [ ] EEOC

CHARGE NUMBER: 04EPD296-06/02 16JA400183

R I Commission For Human Rights and EEOC
*State or local Agency, if any*

ATTACHMENT A

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Richard Turchetta | (401) 421-4408 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 530 Sharon Street, Providence, RI 02908 | | 01/03/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| BRINK'S INCORPORATED | Cat D (501 +) | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 163 Mill Street, Cranston, RI 02910 | | 007 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [X] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 11/12/2003 *LATEST* 12/03/2003

[X] CONTINUING ACTION

R.I.C.H.
APR 29 2004

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

1. I was subjected to discriminatory terms and conditions of employment, including denial or reasonable accommodation, by my former employer, BRINK'S INCORPORATED. I was employed for approximately nine and one-half (9-1/2) years, on a part-time basis, and held the position of Vault Clerk at the time of my termination on or about December 3, 2003.

2. Respondent Assistant Manager's, James Mancini, stated reason for my termination was that he had given my position to a coworker because I was physically incapable of performing the work due to a shoulder injury and a back injury.

3. I believe I have been discriminated against on the basis of my physical disability (Prostate Cancer) and perceived disability (Back and Shoulder Impairment) in that my employer did not want to accommodate my disabilities and chose not to allow me to return to work following surgery for my cancer. The excuse given for my termination was a pretext for discrimination. I am fully capable of performing the duties and responsiblities of my position. My employer saw me a future liability due to my diagnois of cancer. These actions are in violation of the Americans With Disabilities Act and applicable state laws.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 4/21/04 Charging Party *(Signature)* R Turchetta

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT R Turchetta

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) 21st day of April 2004

EEOC FORM 5 (Rev. 07/99)

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ATTACHMENT B

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Richard Turchetta**
**530 Sharon Street**
**Providence, RI 02908**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00183** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

OCT 26 2004
*(Date Mailed)*

cc: **James Mancini**
**BRINK'S INCORPORATED**
**163 Mill Street**
**Cranston, RI 02910**

**Stephen T. Fanning, Esquire**
**305 South Main Street**
**Providence, Rhode Island 02903**