**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD TURCHETTA,**

**Plaintiff,**

**vs.**

**BRINK'S, INCORPORATED,**

**Defendant.**

**CIVIL ACTION NO. 2005-022 ML**

**DEFENDANT BRINK'S, INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES**

## ANSWER

Now comes defendant, Brink's, Incorporated ("Brink's" or "Defendant"), and hereby answers Plaintiff Richard Turchetta's ("Plaintiff") Complaint as follows:

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 1 is deemed to contain factual allegations, Defendant denies the same.

6

2. The allegations of Paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 2 is deemed to contain factual allegations, Defendant denies the same.

3. The allegations of Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 3 is deemed to contain factual allegations, Defendant denies the same.

4. Defendant denies of each and every allegation contained in Paragraph 4 of the Complaint, except avers that Plaintiff filed a Charge based on disability discrimination, stamped by the Rhode Island Commission for Human Rights ("RICHR") on April 29, 2004.

5. The allegations of Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 5 is deemed to contain factual allegations, Defendant denies the same, except avers that the U.S. Equal Employment Opportunity Commission issued a Right to Sue Notice dated October 26, 2004.

**THE PARTIES**

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in Paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Complaint, except avers that Brink's is a Delaware corporation with headquarters in Coppell, Texas, and a branch facility at 169 Mill Street, Cranston, R.I.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. The allegations of Paragraph 10 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 10 is deemed to contain factual allegations, Defendant denies the same.

11. The allegations of Paragraph 11 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 11 is deemed to contain factual allegations, Defendant denies the same.

12. The allegations of Paragraph 12 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 12 is deemed to contain factual allegations, Defendant denies the same.

13. The allegations of Paragraph 13 of the Complaint, and including subsections (a)-(c), inclusive, state conclusions of law to which no response

is required. To the extent that Paragraph 13 and subsections (a)-(c), inclusive, are deemed to contain factual allegations, Defendant denies the same.

14. The allegations of Paragraph 14 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 14 is deemed to contain factual allegations, Defendant denies the same.

**FACTS APPLICABLE TO EACH COUNT**

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in Paragraph 15 of the Complaint, and therefore denies the same, except avers that Plaintiff was employed by Brink's from August 1994 to December 2003 in part-time status.

16. Defendant denies each and every allegation contained in Paragraph 16 of the Complaint, except avers that, at some point, Plaintiff advised the Northeast Region District Manager of his interest in being considered for full-time employment.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint, except avers that the Northeast Region District Manager discussed with Plaintiff a number of positions that might have later become available, without making any promises or commitments of any kind.

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint, except avers that Plaintiff continued to work for Defendant until December 2003.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in Paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint, except avers that a new Assistant Manager was named on September 29, 2003.

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint, except avers that Plaintiff met with Assistant Manager to discuss his cancer and the timing of his surgery.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint, except avers that he informed Plaintiff that there were no supervisory positions available.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant admits the allegations of Paragraph 24 of the Complaint.

25. Defendant admits the allegations of Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 27 is deemed to contain factual allegations, Defendant denies the same.

28. The allegations of Paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent that Paragraph 28 is deemed to contain factual allegations, Defendant denies the same.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT RETALIATION**
**REFUSAL TO ACCOMMODATE**
**TERMINATION**
**R.I.G.L. SECTION 42-112-1**

32. Defendant repeats, reiterates and realleges, with the same force and effect as if fully set forth herein, its responses to Paragraphs 1 through 31 of the Complaint, inclusive.

33. The allegations of Paragraph 33 of the Complaint, and subsections (a)-(d), inclusive, state conclusions of law to which no response is required. To the extent that Paragraph 33 and subsections (a)-(d), inclusive, are deemed to contain factual allegations, Defendant denies the same.

34. The allegations of Paragraph 34 of the Complaint, and subsections (a)-(d), inclusive, state conclusions of law to which no response is required. To the extent that Paragraph 34 and subsections (a)-(d), inclusive, are deemed to contain factual allegations, Defendant denies them.

35. Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

**COUNT II**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT AND RETALIATION BASED ON DISABILITY RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT R.I.G.L §28-5-1 et seq.**

Defendant repeats, reiterates and realleges, with the same force and effect as if fully set forth herein, its responses to Paragraphs 1 through 31 of the Complaint, inclusive.

37. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

38. The allegations of Paragraph 39 of the Complaint, and subsections (a)-(d), inclusive, state conclusions of law to which no response is required. To the extent that Paragraph 39 and subsections (a)-(d), inclusive, are deemed to contain factual allegations, Defendant denies the same.

39. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint and subsections (a)-(d), inclusive.

40. Defendant denies each and every allegation contained in Paragraph 41 of the Complaint.

41. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Termination**
**Failure to Accommodate**

42. Defendant repeats, reiterates and realleges, with the same force and effect as if fully set forth herein, its responses to Paragraphs 1 through 31 of the Complaint, inclusive.

43. The allegations of the first Paragraph numbered 44 of the Complaint state conclusions of law to which no response is required. To the extent that the first Paragraph numbered 44 is deemed to contain factual allegations, Defendant denies the same.

44. The allegations of the second Paragraph numbered 44 of the Complaint state conclusions of law to which no response is required.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

**COUNT IV**
**RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**

47. Defendant repeats, reiterates and realleges, with the same force and effect as if fully set forth herein, its responses to Paragraphs 1 through 31 of the Complaint, inclusive.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because the Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because any purported injuries to Plaintiff were not proximately caused by the actions of Defendant and/or their agents but by intervening and superseding causes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because of his failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because, upon information and belief, Plaintiff has failed to mitigate his alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail in whole or in part because Plaintiff has not asserted any claim for which punitive damages may be awarded.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's demand for punitive damages is barred because the imposition of punitive or exemplary damages violates Defendant's right to due process, which is protected by the United States and Rhode Island Constitutions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

This action or any relief sought by Plaintiff is barred in whole or in part because Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

WHEREFORE, Defendant respectfully requests judgment:

A. Dismissing Plaintiff's Complaint in its entirety with prejudice;

B. Denying Plaintiff's request for equitable relief;

C. Denying Plaintiff's request for monetary damages;

D. Denying Plaintiff's request for liquidated damages;

E. Denying Plaintiff's request for punitive damages;

F. Denying Plaintiff's request for prejudgment interest;

G. Denying Plaintiff's request for attorneys' fees and costs;

H. Awarding Defendant its costs and expenses incurred in defending against Plaintiff's claims including, without limitation, its reasonable attorneys' fees; and

I. Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: March 1, 2005

**BRINK'S, INCORPORATED,**

By its Attorneys,

**BLISH & CAVANAGH LLP**

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers # 4842
Mary C. Dunn # 6712
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 (fax)

- and -

Of Counsel:

James E. Kellett
**KING, PAGANO & HARRISON**
425 Park Avenue, 29th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2005, I caused a true and correct copy of the foregoing Defendant Brink's, Incorporated's Answer and Affirmative Defenses to be served upon Plaintiff's attorney by depositing same with the United States mail, postage pre-paid, and addressed as follows:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, Rhode Island 02903

Mary C. Dunn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD TURCHETTA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 2005-022 ML** |
| **vs.** | : | |
| **BRINK'S, INCORPORATED,** | : | |
| **Defendant.** | : | |

**DEFENDANT BRINK'S INCORPORATED'S RULE 7.1 STATEMENT**

Pursuant to Rule 7.1 ("Rule 7.1") of the Federal Rules of Civil Procedure, Defendant Brink's Incorporated ("Brink's") hereby submits the following corporate disclosure statement:

Brink's is a Delaware corporation which is wholly owned by The Brink's Company.

Respectfully submitted,

**BLISH & CAVANAGH LLP**

Kristin E. Rodgers (mcd)
Mary C. Dunn

Kristin E. Rodgers #4842
Mary C. Dunn #6712
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: March 1, 2005

- and -

Of Counsel:

**KING, PAGANO & HARRISON**

James E. Kellett
425 Park Avenue, 29th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2005 I caused a true and correct copy of the foregoing CORPORATE DISCLOSURE STATEMENT OF DEFENDANT BRINK'S, INCORPORATED UNDER RULE 7.1 to be served upon the attorney for Plaintiff Richard Turchetta, by first class mail and addressed to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

Mary C. Dunn
____________________________